UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeMARIO REED CRENSHAW,

                            Plaintiff,

v.

DEPUTY MINARD,

                            Defendant.

_____/

Civil Action No. 24-10955

Jonathan J.C. Grey
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S "MOTION TO REVERSE ORDER DIRECTING PAYMENT OF THE INTITIAL PARTIAL FILING FEE & SUBSEQUENT PAYMENTS" (ECF No. 55)

This is a prisoner civil rights case commenced by *pro se* plaintiff DeMario Crenshaw ("Crenshaw") against defendant Deputy Minard ("Minard")[1] based on an alleged assault, cruel and unusual punishment, and alleged denial of food and other necessities. Specifically, Crenshaw alleges that he suffered an attack that left him with a dislocated arm, blurry vision, head injuries, and PTSD. Crenshaw further states that he was denied food on October 3rd, 2023, and denied medical attention for two weeks following the assault.

On April 11, 2024, Crenshaw filed his complaint in this Court, as well as a motion to waive, entirely, the filing fees, due to lack of income and assets. (ECF Nos. 1, 2). On April 12, 2024, the Court entered an Order of Deficiency, ordering Crenshaw to either pay

_____

[1] Another defendant, Sheriff Chris Swanson was dismissed from this case on May 30, 2025. (ECF No. 36).

the requisite filing fee of $350.00[2], or "file the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint." (ECF No. 3). On May 13th, 2024, Crenshaw filed an "Application to Proceed in District Court *Without Prepaying* Fees or Costs." (ECF No. 7) (emphasis added). Thus, this was a request to proceed in Court without having to "prepay" the entire $350 filing fee, not a request to proceed without having to pay the filing fee at all, which is not permissible. 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

On June 4, 2024, the Court entered an "Order Waiving Prepayment of the Filing Fee and Directing Payment of the Initial Partial Filing Fee and Subsequent Payments." (ECF No. 9). Again, as explained in the Order, while Crenshaw was not required to prepay the entire $350 filing fee up front, he was still required to pay an "initial partial filing fee" and then monthly additional payments until the full $350 filing fee had been paid:

> . . . the Court **GRANTS** plaintiff's application to proceed without prepayment of the filing fee for this action. 28 U.S.C. § 1915(a)(1).
>
> Plaintiff, a prisoner, must pay the full filing fee for this civil action. 28 U.S.C. § 1915(b)(1). The Court must assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to plaintiff's account, or (2)

---

[2] The Order mistakenly indicated that Crenshaw would owe an additional $55 "administrative fee." (ECF No. 3). That mistake has since been corrected to reflect that the total filing fee in this case is $350. (ECF No. 9).

the average monthly balance in plaintiff's account for the preceding six (6) months.  Id.  The initial partial filing fee in this case is **$ 68.00**. After plaintiff pays the initial partial filing fee, plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account. 28 U.S.C. § 1915(b)(2).

Accordingly, the Court **ORDERS** the agency having custody of plaintiff to: (1) withdraw or set aside the initial partial filing fee from plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account to the Clerk of this Court until plaintiff has paid the entire filing fee of **$ 350.00.**  . . .

(*Id.*) (emphasis in original).

On December 16, 2025, Crenshaw filed a "Motion to Reverse Order Directing Payment of the Initial Partial Filing Fee & Subsequent Payments," stating that "he has never given this agency authorization to withdraw funds from his account and request that his account be refunded $39.00 and no further deductions continue." (ECF No. 55). Crenshaw's motion lacks merit and will be denied.

Contrary to Crenshaw's assertion, when he filed the "Application to Proceed in District Court Without Prepaying Fees or Costs" he requested to proceed in this Court without *prepaying* the filing fee.  This application was granted so that Crenshaw could move forward with the case by paying only an initial partial filing fee and then making monthly payments thereafter until the entire filing fee was paid.  The Court did not grant a waiver of the full filing fee, which it could not do under applicable law.  28 U.S.C. § 1915(b)(1).  Therefore, the Court had the authority to charge and retain the initial partial filing fee payment, as well as the ability to withdraw additional monthly payments until

3

the full $350 filing fee is paid.

For all of the foregoing reasons, **IT IS ORDERED** that Crenshaw's "Motion to Reverse Order Directing Payment of the Initial Partial Filing Fee & Subsequent Payment" **(ECF No. 55)** is **DENIED**.

Dated: February 18, 2026          s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2026.

s/Julie Owens
JULIE OWENS
Case Manager